DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-541-FDW
(3:07-cr-97-1)

| | |
|---|---|
| THOMAS DONNELL SIFFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Relief under 28 U.S.C. § 2241, or for alternative relief under the All Writs Act of 28 U.S.C. § 1651. (Doc. No. 1).

**I.    BACKGROUND**

After pleading guilty to possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841 and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), Petitioner now seeks relief from both his § 841 sentence and his § 922(g) conviction in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[1] On November 6, 2013, this Court ordered the Government to respond

---

[1] In Simmons, the Fourth Circuit held that, in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which had held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted). The Fourth

1

to Petitioner's request for relief. (Doc. No. 4). In the Response, filed on December 12, 2013, the Government opposes relief as to Petitioner's § 841 sentence but states that Petitioner's § 922(g) conviction should be vacated. (Doc. No. 6).

On April 25, 2007, a federal grand jury sitting in the Western District of North Carolina charged Thomas Sifford ("Petitioner") with possession with intent to distribute at least five grams of crack cocaine and a detectable amount of cocaine, in violation of 21 U.S.C. § 841 (Count One), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Two). (Criminal Case No. 3:07-cr-97, Doc. No. 1: Indictment). Shortly after the indictment was returned, the Government filed a notice under 21 U.S.C. § 851, noticing Petitioner's prior drug convictions in Mecklenburg County for possession with intent to sell/deliver cocaine and marijuana, for which he received a consolidated sentence of eight to ten months of imprisonment. See (Id., Doc. No. 12: Information Pursuant to 21 U.S.C. § 851). On August 7, 2007, Petitioner entered a "straight-up" plea of guilty to both counts of the indictment. See (Id., Doc. No. 25).

After entry of the guilty plea but before sentencing, a probation officer prepared a pre-sentence report ("PSR"), summarizing the offense conduct and recommending a total offense level, criminal history category, and corresponding sentencing range. Specifically, the probation officer recommended that Petitioner be held responsible for 41.11 grams of cocaine base and 59.38 grams of powder cocaine, yielding a marijuana equivalency of 422.98 kilograms of marijuana and a base offense level of 28. (Id., PSR at ¶¶ 9; 16).[2] The probation office

---

Circuit recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).

[2] The PSR has not been made part of Petitioner's criminal docket. Thus, the Court is relying on

recommended a two-level reduction for acceptance of responsibility and a one-level increase in offense level for the two units of prosecution. (Id. at ¶¶ 28-36). The probation officer also calculated that Petitioner had amassed 11 criminal history points and was a criminal history category V. (Id. at ¶ 74). With a total offense level of 27 and a criminal history category V, Petitioner faced an advisory guideline range of 120 to 150 months of imprisonment, and a statutory minimum sentence of 120 months of imprisonment, based on the drug quantity and Petitioner's prior drug convictions. (Id. at ¶¶ 112-13). The probation officer noted that the felonies underlying the § 922(g) conviction were Petitioner's two prior drug convictions, for which he received a consolidated sentence of eight to ten months in prison. (Id. at ¶ 9).

This Court ultimately sentenced Petitioner to 132 months of imprisonment on the § 841 offense, a sentence within the applicable guideline range, and a concurrent sentence of 120 months for the § 922(g) offense. (Id., Doc. No. 30: Judgment). In the Statement of Reasons, the Court noted that this sentence was "sufficient, but not greater than necessary, to achieve the goals of sentencing detailed in 18 U.S.C. § 3553(a), considering the defendant's extensive criminal history and the need to protect the public from further crimes of the defendant." See (Id., Doc. No. 31 at 1: Statement of Reasons). Petitioner appealed, but the Fourth Circuit affirmed his conviction and sentence in all respects. See (Id., Doc. No. 45).

Petitioner filed an initial motion to vacate under 28 U.S.C. § 2255 on November 18, 2010, challenging the denial of his request for substitute counsel and the sentence imposed for the § 922(g) conviction, but this Court dismissed the petition as untimely. (Id., Doc. Nos. 47; 48). Petitioner filed a second § 2255 motion on January 11, 2012, challenging the use of the prior convictions to enhance his sentence, but this Court denied the motion as an unauthorized

---

the Government's assertions regarding the information in the PSR.

successive petition.  (Id., Doc. Nos. 50; 53).  Petitioner has now filed the instant petition under the All Writs Act and 28 U.S.C. § 2241, seeking relief from the erroneously enhanced § 841 sentence and his conviction under § 922(g).

**II.    DISCUSSION**

A.  Petitioner's Sentence for the § 841 Conviction

The Government first contends, and the Court agrees, that although Petitioner's sentence for the § 841 offense was erroneously enhanced by use of prior state convictions for which Petitioner could not have received a sentence of more than a year in prison he is not entitled to resentencing on that count under § 2241.  Section 2255 is generally the proper means of collaterally attacking the validity of a federal conviction or sentence.  In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).  By contrast, § 2241 is a means of attacking the manner in which a sentence is executed.  Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).  However, as the Fourth Circuit recognized in In re Jones, 226 F.3d 328 (4th Cir. 2000), where § 2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" of § 2255 permits a petitioner to seek relief under § 2241.[3]  In re Jones, 226 F.3d at 333.  While the savings clause can be invoked to permit § 2241 relief where § 2255 is inadequate or

---

[3]  The savings clause of § 2255 provides, as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

ineffective, it only applies to permit such relief when (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).

Applying the above factors, the Fourth Circuit recently held that a petitioner's challenge under Simmons to his armed career status was not cognizable through a § 2241 petition. See Farrow v. Revell, No. 13-6804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013). Earlier, the Fourth Circuit had held that the savings clause of § 2255 only preserves claims in which Petitioner claims actual innocence of convictions, and the savings clause does not extend to allow relief under § 2241 to petitioners challenging only their sentences. See United States v. Poole, 531 F.3d 263, 267 (4th Cir. 2008). Here, because Petitioner is challenging only the validity of his sentence on his § 841 conviction, and not the legality of his underlying conviction, he is not entitled to relief under § 2241 based on the erroneous sentence enhancement.

Nor is Petitioner entitled to relief under either the writs of error coram nobis or audita querela. Coram nobis relief is only available when all other grounds for relief are inadequate and where the defendant is no longer in custody. In re Daniels, 203 Fed. App'x 442, 443 (4th Cir. 2006) (unpublished); United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). Petitioner is in custody and has, or had, an available post-conviction avenue of relief under Section 2255(f)(1). Audita querela relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992). Here, Section 2255 was in fact available, "leaving no gap to plug." United States v. Bennett, Nos.

5

3:10cr84, 3:12cv524, 2013 WL 170333, at *12 (W.D.N.C. Jan. 16, 2013). In sum, Petitioner is not entitled to relief as to the sentence imposed for the § 841 conviction.

B. Petitioner's § 922(g)(1) Conviction

In contrast to his claim for resentencing on the § 841 offense, the Government concedes that the requirements for relief under § 2241 are satisfied with respect to Petitioner's § 922(g)(1) conviction. That is, after Simmons, the conduct for which Petitioner was convicted is no longer deemed criminal, and Petitioner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Accordingly, the Government concedes, and the Court agrees, that Petitioner is entitled to relief under § 2241 as to his § 922(g)(1) conviction.

III. CONCLUSION

For the foregoing reasons, the Court finds that Petitioner's § 2241 petition is granted in part and denied in part.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2241 petition, (Doc. No. 1), is **GRANTED** in part and **DENIED** in part. Petitioner's § 922 conviction and the consequent sentence are vacated, but Petitioner's § 841 conviction and the resultant sentence shall remain in place.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484

(2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 16, 2013

Frank D. Whitney
Chief United States District Judge