UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-541-FDW

| THOMAS DONNELL SIFFORD, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court on Petitioner's pro se Motion for Reconsideration, (Doc. No. 10), of this Court's prior Order, (Doc. No. 7), denying Petitioner's 28 U.S.C. § 2241 petition in part and granting the petition in part. For the reasons that follow, the Court finds that the motion for reconsideration is an unauthorized, successive petition.

**I.     BACKGROUND**

Petitioner filed the pending motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, seeking to have this Court review the Court's finding that Petitioner is not entitled to be resentenced under § 2241 based on his contention that his sentence should not have been enhanced based on a prior conviction. In the Court's Order dated December 16, 2013, this Court held that Petitioner was entitled to have his conviction under 18 U.S.C. § 922(g) vacated. The Court further held, however, that Petitioner was not entitled to relief under § 2241 as to Petitioner's contention that his sentence for his conviction under 21 U.S.C. § 841 was improperly enhanced based on a prior conviction that no longer qualifies as a felony under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In support of the motion

1

for reconsideration, Petitioner contends that this Court "was without authority to vacate only the § 922(g) judgment, but leave what was clearly an illegal sentence in place on the drug conviction."[1] (Doc. No. 10 at 4).

## II. DISCUSSION

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Federal Rule of Civil Procedure 59(e) allows motions to amend or alter a judgment if the movant shows either an intervening change in the controlling law, new evidence that was not available at trial, or that there has been a clear error of law or manifest injustice. Robinson v. Wix Filtration Corp., LLC, 599 F.3d 403, 407 (4th Cir. 2010). A Rule 59(e) motion to alter or amend a judgment must be construed in the same way as a Rule 60(b) motion for relief from judgment for the purpose of determining whether the motion is a successive petition. See United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006) (holding that Rule 59(e) motions must be construed like Rule 60(b) motions in the second or successive habeas context)).

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against relitigation of claims

---

[1] Petitioner also complains that the Court was required to allow him to file a Reply before entering its Order. (Doc. No. 10 at 2). Pursuant to Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he moving party may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." (Emphasis added). Whether to allow the petitioner to file a Reply is within the Court's discretion. United States v. McElrath, Crim. No. 03-235(JNE), Civ. No. 08-5291(JNE), 2009 WL 1657453, at *2 (D. Minn. June 11, 2009). Thus, this Court was not required to allow Petitioner to file a Reply before adjudicating the motion to vacate. Moreover, Petitioner has not shown how he was prejudiced by the lack of an opportunity to file a Reply.

presented in a prior application or the bar against litigation of claims not presented in a prior application.  United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion); see also Alley v. Bell, 101 F. Supp. 2d 588, 669 (W.D. Tenn. 2000), aff'd, 307 F.3d 380 (6th Cir. 2002) (stating that where a Rule 59(e) motion reiterates claims previously rejected, it falls within the category of cases proscribed by the successive petition doctrine).

With regard to Rule 60(b) motions that are actually attempts at successive collateral review, the Fourth Circuit has stated that:

> a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id. at 207.  See also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

Here, because Petitioner's instant motion for reconsideration attacks the validity and length of his sentence, as opposed to asserting a defect in the integrity of the habeas proceeding, it is in effect a successive petition, and Petitioner must obtain prior authorization to file such petition, just as a Rule 60(b) would be subject to prior authorization.  Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255.  Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition.  Accordingly, the motion for reconsideration must be denied and dismissed as an unauthorized, successive petition.

### III. CONCLUSION

For the reasons stated herein, Petitioner's Motion for Reconsideration is denied as an unauthorized, successive § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Reconsideration, (Doc. No. 10), is **DENIED** as an unauthorized, successive § 2255 petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 10, 2014

Frank D. Whitney
Chief United States District Judge